UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARK R. LINGO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:10CV84MLM |
| HARTFORD FIRE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Strike and/or in the alternative to Dismiss Plaintiff's Petition filed by Defendant Hartford Fire Insurance Company. Doc. 4. Plaintiff Mark R. Lingo filed a Response.[1] Doc. 9. Defendant filed a Reply. Doc. 11. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 10.

## LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp.

---

[1] Plaintiff titled Document 9 as "Motion in Opposition Defendant's Motion to Strike and/or in the alternative to Dismiss Plaintiff's Petition." In its Reply, Defendant takes issue with the title Plaintiff assigned to Document 9, suggests that it should be deemed a motion, and contends that the court should not consider Document 9's contents because it is not supported by a memorandum. Doc. 11 at 2. The content of Document 9 makes it clear that Plaintiff intended it to be his Response. The court will, therefore, consider Document 9 as Plaintiff's Response. To the extent, Plaintiff's Response is untimely, Plaintiff should have sought leave to file his Response out of time. Nonetheless, the court will consider Plaintiff's Response.

v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

Upon considering a motion to dismiss a federal "court must accept as true all of the allegations in a complaint" that are applicable to legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). However, pleadings which present "no more than conclusions, are not entitled to the assumption of truth." Id.

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 127 S. Ct. at 1964-65. See also Gregory v. Dillard's, Inc., 2009 WL 1290742 (8th Cir. May 12, 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir.2007)).

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 127 S. Ct. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

2

To the extent it has been argued that Twombly is applicable only in the anti-trust context, the Court in Iqbal, 129 S.Ct. 1937, made it clear that Twombly is applicable in the broader context.

**BACKGROUND**

In his Complaint[2] Plaintiff alleges that St. Louis Home Mortgage Company is a mortgage broker doing business in St. Louis; that it was required by the Missouri Department of Insurance to secure certain bonds and place them with the Missouri Division of Finance; that these bonds were to insure the protection of those utilizing the services of St. Louis Home Mortgage Company against St. Louis Home Mortgage Company's bad acts; that, on October 27, 2005, Defendant executed a $120,000 Bond payable to the Commission of Division of Finance as required by Mo. Rev. Stat. § § 443.800 through § 443.893[3]; that on May 11, 2009, Plaintiff filed suit in Missouri against St. Louis Home Mortgage Company; that the suit alleged that St. Louis Home Mortgage Company failed to perform certain obligations associated with its role as a mortgage broker; that, in its suit against St. Louis Home Mortgage, Plaintiff was awarded a judgment in the amount of $107,292.82; that after this judgment was rendered, the Missouri Division of Finance delivered a copy of Defendant's Bond to Plaintiff for collection; that Plaintiff notified Defendant of Plaintiff's judgment and demanded payment; that Plaintiff has given Defendant the statutorily required time to investigate his claim; that Defendant has refused to pay Plaintiff the amounts owed to Plaintiff due to the breach of the conditions of the Bond; that Plaintiff has performed all conditions precedent; and that Plaintiff is entitled to damages pursuant to Mo. Rev. Stat. § 375.420. Doc. 1, Ex. 1.

---

[2] This matter was removed from State court to the Federal Court for the Eastern District of Missouri. While Plaintiff titled his pleading in State court as a petition, the court will refer to this document as Plaintiff's Complaint.

[3] Chapter 443 of the Missouri Revised Statutes, is titled Mortgages, Deeds of Trust and Mortgage Brokers. Section 443.800, and selected provisions of Chapter 443 were repealed, effective July 8, 2009.

**DISCUSSION**

Defendant removed this matter pursuant to 28 U.S.C. § 1332, based on the diversity of citizenship of Plaintiff and Defendant. Defendant stated in the notice of removal that, because Plaintiff was seeking $120,000, plus statutory damages, the amount in controversy exceeded the statutory requirement of $75,000. See 28 U.S.C. § 1332. In the pending Motion, Defendant argues that Plaintiff's recovery should be limited to $20,000 because the Bond, Exhibit 1, attached to Plaintiff's Complaint, states a penal sum of $20,000, rather than $120,000, as alleged in the Complaint. In his Response, Plaintiff does not dispute that the Bond states a penal sum of $20,000. Doc. 9. The court's review of the Bond establishes that the penal sum stated is, in fact, $20,000. As such, the court finds that Plaintiff is not entitled to recover more than $20,000 in actual damages, although he may be entitled to recover statutory damages and attorneys' fees pursuant to Mo. Rev. Stat. § 375.420. [4]

Mo. Rev. Stat. § 375.420, Vexatious Refusal to Pay, provides for damages where an insurance company has failed to pay for a loss without reasonable cause or excuse. This statutory provision limits Plaintiff's recovery of statutory damages to no more twenty percent of the first

---

[4] Mo. Rev. Stat. § 375.420 provides, in relevant part:

> In any action against any insurance company to recover the amount of any loss under a policy of ... fidelity, indemnity, [] or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff *damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars* and a *reasonable attorney's fee*; and the court shall enter judgment for the aggregate sum found in the verdict.

(emphasis added).

fifteen hundred dollars and ten percent of any amount in excess of fifteen hundred dollars. As such, Plaintiff cannot recover more than $2,150 in statutory damages based on the $20,000 Bond. Attorneys' fees collectible pursuant to a statute may be included in calculating the jurisdictional amount. See e.g., Osia v. Mid-Century Ins. Co., 2006 WL 1523020, at *1 (E.D. Mo. May 30, 2006) (unreported). Assuming, arguendo, that Plaintiff is entitled to recover actual damages of $20,000, and statutory damages of $2,150, reasonable attorneys' fees in the matter under consideration can not possibly bring the amount in controversy to an amount in excess of $75,000.

A federal court does not have "subject matter jurisdiction if it appears to a legal certainty that the value of the [plaintiff's] claim is less than the required amount of $75,000." Advance America Serv. of Arkansas, Inc. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008) (citing In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d 830, 834 (8th Cir.2003)). The amount in controversy must be determined at the time of removal. James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005). "[T]he party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." Id. (citing Missouri ex rel. Pemiscot County v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). "This rule applies even in a removed case where the party invoking jurisdiction is the defendant." Id.

In the matter under consideration, it is a legal certainty that, at the time of removal, the amount in controversy was less than $75,000. A district court must dismiss a matter when it is "legally certain" that the claim is for less than the jurisdictional amount. Id. (citing Fed. R. Civ. P. 12(h)(3)) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). In fact, a federal district court is "empowered and required to consider the issue [of subject matter jurisdiction] *sua sponte* if need

5

be." <u>Boatmen's First Nat'l Bank of Kansas City v. Kansas Pub. Employees Ret. Sys.</u>, 57 F.3d 638 640 n.4 (8th Cir. 1995). The court finds, therefore, that it is a legal certainty that it does not have subject matter jurisdiction and that, therefore, this matter should be dismissed.

Because this matter will be dismissed, this court need not consider issues raised by Defendant in the pending motion, including whether Plaintiff has stated a cause of action.[5]

Accordingly,

**IT IS HEREBY ORDERED** that this matter is dismissed for lack of jurisdiction;

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike and/or in the alternative to Dismiss Plaintiff's Petition is **DENIED**, as moot; Doc. 4

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this <u>8th</u> day of March, 2010.

---

[5] Defendant also contends that counsel for Plaintiff failed to sign the Complaint filed in State court; that this failure violated Missouri Rule of Civil Procedure 55.03(a) and Rule 11(a); that counsel for Defendant has requested a signed copy and, to date, has not received one; and that, therefore, Plaintiff's Complaint should be stricken and his cause of action dismissed. In his Response, Plaintiff states that his counsel has provided Defendant with a signed copy of the Complaint. The court notes that, in its Reply, Defendant does not dispute that it has received a signed copy of the Complaint.