# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARK R. LINGO, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:10CV84MLM |
| HARTFORD FIRE INSURANCE COMPANY, | ) ) ) ) |
|     Defendant. | ) ) |

## MEMORANDUM OPINION

Before the court is the Motion Dismiss Plaintiff's Amended Complaint filed by Defendant Hartford Fire Insurance Company ("Defendant"). Doc. 23. Plaintiff Mark R. Lingo filed a Response. Doc. 23. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 10.

## LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

Upon considering a motion to dismiss a federal "court must accept as true all of the allegations in a complaint" that are applicable to legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937,

1950 (2009). However, pleadings which present "no more than conclusions, are not entitled to the assumption of truth." Id.

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 127 S. Ct. at 1964-65. See also Gregory v. Dillard's, Inc., 2009 WL 1290742 (8th Cir. May 12, 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir.2007)).

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 127 S. Ct. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To the extent it has been argued that Twombly is applicable only in the anti-trust context, the Court in Iqbal, 129 S.Ct. 1937, made it clear that Twombly is applicable in the broader context.

**BACKGROUND**

In Count I of his Amended Complaint Plaintiff alleges that St. Louis Home Mortgage Company ("SLHM") was a mortgage broker doing business in St. Louis County; that it was required by the Missouri Department of Insurance to secure certain bonds and place them with the Missouri Division of Finance; that these bonds were to insure the protection of those utilizing the services of SLHM against the bad acts of SLHM; that prior to 2006, Defendant executed two bonds payable to the Commission of the Division of Finance, one in the amount of $20,000 and the other in the amount of $100,000, on behalf of SLHM as required by Mo. Rev. Stat. § § 443.800 through § 443.893[1]; that the bonds were to satisfy SLHM's obligations under Mo. Rev. Stat. § 443.849, as it existed prior to July 2009[2]; that as a licensee of the State of Missouri, Division of Finance, St. Louis Home Mortgage was required, pursuant to Mo. Rev. Stat. § 443.827(10), to "not knowingly misrepresent, circumvent, or conceal any material particulars regarding a transaction to which the applicant [it was] a party"; "that on May 11, 2009, Plaintiff filed suit in Missouri against SLHM; that the suit alleged that SLHM failed to perform certain obligations associated with its role as a mortgage broker; that, on July 23,

---

[1] Chapter 443 of the Missouri Revised Statutes, is titled Mortgages, Deeds of Trust and Mortgage Brokers. Section 443.800, and selected provisions of Chapter 443 were repealed, effective July 8, 2009.

[2] Mo. Rev. Stat. § 443.849, as it existed prior to July 2009, provided, in relevant part:

[T]he bond shall be in the form satisfactory to the Director and shall be issued by a bonding company or insurance company authorized to do business in the State, to secure the faithful performance of the obligations of the applicant and the agents and sub-agents of the applicant in connection with the activities of originating, servicing or acquiring mortgage loans.

3

2009, Plaintiff was awarded a judgment in the amount of $107,292.82 against SLHM[3]; that after this judgment was rendered, the Missouri Division of Finance delivered a copy of Defendant's Bond to Plaintiff for collection; that Plaintiff notified Defendant of Plaintiff's judgment and demanded payment; that Plaintiff has given Defendant the statutorily required time to investigate his claim; that Defendant has refused to pay Plaintiff the amounts owed to Plaintiff due to the breach of the conditions of the Bond; that Plaintiff has performed all conditions precedent; and that Plaintiff is entitled to damages pursuant to Mo. Rev. Stat. § 375.420, which statute provides, with stated exceptions, for recovery of damages from an insurance company which vexatiously refuses to pay. Doc. 1, Ex. 1.

In Count II, Plaintiff incorporates the allegations of Count I and alleges that on April 1, 2006, Plaintiff was contacted by SLHM's agent in an effort to solicit Plaintiff to secure a purchase mortgage for a primary residence; that Plaintiff provided personal and financial information to SLHM's agent in an effort to secure financing; that at the time of the initial conversation, SLMH's agent emphasized that SLHM only sold fixed rate mortgages and Plaintiff stated that he did not want an adjustable rate mortgage; that Plaintiff agreed to there being one loan with a fixed interest rate mortgage; that on June 9, 2006, Plaintiff closed on a mortgage loan for a property located in Imperial Missouri; at the time of closing, Plaintiff asked the agent why the documents stated that there was an adjustable rate mortgage and why there were two loans for the subject property; that SLHM's agent said in response that the closing package was a mistake, that the documents were not binding, that new documents would be mailed to Plaintiff at a later date, and that the new documents would combine both loans

---

[3] Plaintiff attached a copy of the Judgment and Affidavit in support of Judgment to his Amended Complaint.

4

into a fixed rate mortgage; that the loan was, in fact, not a fixed rate loan and the terms of the loan were not the same as what SLHM advertised and promised Plaintiff prior to closing; that SLHM violated the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.025.1, because it used or employed, among other things, deception, fraud, false pretense, or false promise in connection with the sale or advertisement of services in connection with the procurement and issuance of the mortgage at issue; that Plaintiff is entitled to maintain a cause of action under the MMPA as he was injured as a direct and proximate result of SLHM's conduct in violation of the MMPA; that SLHM's representations to Plaintiff upon making the purchase of the residence were made with the requisite degree of malice such that Plaintiff was entitled to recover punitive damages from SLHM; that, as stated in Count I, Defendant issued bonds securing the performance of Defendant's insured, SLHM, of its obligations as a mortgage broker under the laws of Missouri, including its obligation to be truthful in connection with activities of originating mortgage loans; and that based on its fraudulent representations and other unlawful acts, and SLHM's consequent unfaithful performance of its obligations as a Missouri licensed mortgage broker, Defendant owes Plaintiff $107,292.82, plus prejudgement interest, attorney's fees and other costs and expenses.

## DISCUSSION

As suggested by Defendant, the right to recover on a surety bond depends on a breach of the condition of the bond and the breach relied upon must be alleged. Doc. 24 at 2 (citing <u>State ex rel. Rife v. Reynolds</u>, 117 S.W. 653, 654 (Mo. Ct. App. 1909)("[T]he plaintiff, in suing on a breach of the obligation of the bond to pay such damages as may accrue, ought to allege, of course, their nonpayment in order to state facts constituting a breach of this condition."). A complaint which

"fails to allege a proper breach of the bond sued upon is fatally defective." The Prudential Ins. Co. of America v. Goldsmith, 181 S.W.2d 201, 202 (Mo. Ct. App. 1944) (citing 8 Am. Juris. p. 736).

Defendant contends that the "critical element" of Plaintiff's cause of action seeking to recover pursuant to the above described bonds is that a "condition of the bonds claimed upon has occurred or been breached by the bond principal." Doc. 23 at 1; Doc. 24 at 3. In this regard, Defendant contends that it is not sufficient to merely allege that, in a separate lawsuit, SLHM failed to perform certain obligations.

The bonds at issue are not judgment bonds, but rather performance bonds as they are conditioned upon the bond principal, SLHM, failing to "faithfully conform to and abide by the provisions" of the Missouri Residential Mortgage Brokers License Act ("RMBLA") and "honestly and faithfully appl[ing] all funds received and perform[ing] all obligations and undertakings" as required by the RMBLA. Doc. 16. Ex. 1 at 5. As acknowledged by Plaintiff in his Amended Complaint, the bonds were to insure the protection of those utilizing the services of SLHM against SLHM's bad acts. Plaintiff does not allege that SLHM engaged in the bad acts as described in the bonds in Count I. Rather, Plaintiff merely alleges that he obtained a judgment against SLHM based on SLHM's failure to perform "certain obligations associated with [its] role as a mortgage broker." Doc. 16, ¶¶11-12. To the extent Plaintiff contends that his obtaining the Judgment is sufficient to recover pursuant to the bonds, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557). As such, Plaintiff's allegation in Count I that he is entitled to recover pursuant to the bonds is insufficient to establish a cause of action under Mo. Rev. Stat. § 375.420 . The court finds, therefore, that Plaintiff has failed to state a cause of action in Count I and that Count I should be dismissed.

In Count II of the Amended Plaintiff, Plaintiff alleges a cause of action pursuant to the MMPA, Mo. Rev. Stat. 407.025.1,[4] which statute provides a cause of action for an individual who purchases merchandise and suffers damages in the form of an ascertainable loss. See Freeman Health Sys. v. Wass, 124 S.W.3d 504, 507 (Mo. Ct. App. 2004). "[T]he MMPA supplements the definition of common law fraud, eliminating the need to prove an intent to defraud or reliance." Scott v. Blue Springs Ford Sales, Inc., 215 S.W.3d 145, 160 (Mo. Ct. App. 2006) (quoting Schuchmann v. Air Servs. Heating & Air Conditioning, Inc., 199 S.W.3d 228, 233 (Mo. Ct. App. 2006). A person who purchases merchandise may recover under the MMPA from a defendant who engages in a practice declared unlawful by Mo. Rev. Stat. § 407.020.[5] Id. Among the practices unlawful under Mo. Rev.

---

[4]    Mo. Rev. Stat. § 407.025.1 provides:

Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

[5]    Mo. Rev. Stat. § 407.202 provides, in relevant part:

1. The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce ... is declared to be an unlawful practice. The use by any person, in connection with the sale or advertisement of any merchandise in trade or commerce ... in or from the state of Missouri of the fact that the attorney general has approved any filing required by this chapter as the approval, sanction or endorsement of any activity, project or action of such person, is declared to be an unlawful practice. Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

Stat. § 407.020 are the using of false promise or misrepresentation or the concealment of a material fact in connection with the sale of any merchandise in commerce. The MMPA also provides that a plaintiff may recover punitive damages and attorneys' fees, as well as necessary equitable relief. The court finds that Count II of the Amended Complaint gives Defendant fair notice of what the claim of Count II is and the grounds upon which it rests. See Twombly, 127 S. Ct. at 1964. Further, the factual allegations of Count II sufficiently raise the right to relief above the speculative level. Id. at 1964-65. As such, the court finds that Defendant's Motion to Dismiss should be denied as to Count II of the Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED**, in part, and **DENIED**, in part; Doc. 23

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss is **GRANTED**, in regard to Count I of Plaintiff's Amended Complaint and that Count I is **DISMISSED**; Doc. 16

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss is **DENIED**, in regard to Count II of Plaintiff's Amended Complaint.

/s/Mary Ann L. Medler  
MARY ANN L. MEDLER  
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of May, 2010.